## PHILLIPS et v IDEAL SECURITIES, INC

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14719. Decided Oct 25, 1935

Louis. Fernberg, Cleveland, for plaintiff in error.

T. A. Ryan, Cleveland, for defendant in error.

## OPINION

By LEVINE, J.

The trial judge rendered a judgment in favor of the defendant. In the opinion of the trial court the harshness of the law was justly condemned, but nevertheless the court thought it was an inescapable legal conclusion that under the statute the defendant acted within its legal rights. The section relied on is §6341-1 GC. We shall cite it in full:

"Sec 6341-1 GC.—PROCEDURE IN REDEMPTION OF ARTICLES OR PLEDGES. —If pledgor shall fail to redeem any articles of jewelry, gems, silverware, goldplate, precious stones and kindred articles within six months from the date of the loan or sale, or becomes six months in arrears in the payment of interest, or shall fail to redeem any other articles pledged or sold within thirty days after maturity of loan, it shall be the duty of the licensee to notify the pledgor or seller by registered mail, demanding return receipt therefor, to the last place of address given by said pledgor or seller, that unless said pledge or property is redeemed within thirty days from the date said notice is mailed, specifying in said notice the time and place said sale will take place, it shall be sold at public or private sale, at the option of the licensee, and the proceeds applied to the payment of the indebtedness or amount advanced, with all interest and charges. If the pledgor or seller fail to redeem or repurchase said property within the thirty days' period specified in said notice, the licensee shall proceed to offer said pledge or property at public or private sale to the highest bidder, on the date fixed in said notice, and said licensee may become the purchaser, and from the proceeds of any such sale pay his or its claim including any expense of said sale; any balance shall be held and paid to such pledgor or seller, but if he shall fail to call for and collect said balance within one year from date of said sale, as above provided, said balance of such proceeds shall become the absolute property of such licensee."

An examination of the notice forwarded by registered mail on May 2nd, 1934, discloses that there was not a compliance with the language of the section above cited. The notice reads as follows:

"May 2nd, 1934.
"Mr. A. H. Phelps,
10406 Wade Park Ave. No. 12
City.
Dear Mr. Phelps:—
"You have defaulted on your loan. Your interest is now six months in arrears.
As required by law, we are notifying you that it will be necessary to pay your account in full by June 2nd, 1934, or your security will be sold to defray the unpaid balance of your loan plus all accrued interest and charges.
Yours very truly,
IDEAL SECURITIES, INC.
ELS:MR          (Signed) E. L. Schurman."

The notice does not specify the time and place the sale will take place. The statute specifically states that the notice must contain the following language: "That unless said pledge or property is redeemed within thirty days from the date said notice is mailed, specifying in said notice the time and place said sale will take place, it shall be sold at public or private sale, at the option of the licensee, etc." All that the notice contains is the statement that it will be necessary to pay your account in full by June 2nd, 1934, or your security will be sold to defray the unpaid balance of the loan plus accrued interest and charges. The time when it will be sold and the place where it will be sold are not therein stated.

We hold that unless there is a strict compliance with the language of the Code as to what the notice shall contain, the necessary step is wanting and a sale is therefore unauthorized.

We are further of the opinion that §6341-1 GC while it authorizes a private sale and while it authorizes the pawnbroker to become the purchaser, it contemplates a bona fide sale not a mere pretense of a sale which amounts to confiscation of another man's property.

There is a dispute in the evidence as to the exact value of the watch. An expert was called to testify who stated that the watch would retail for about One Hundred Dollars; that the wholesaler's or jobber's price would amount to at least Fifty Dollars. The price at which it was sold by the Ideal Securities, Inc. to the Ideal Securities, Inc. was $15.65, which sum is merely the equivalent of the principal and interest due, and no more. The section provides "that from the proceeds of the sale the claim is to be paid including any expense of the sale and that any balance shall be held and paid for the pledgor. It is apparent that the code contemplates a sale at a price approximating the true value of the article pledged, and that the same may realize proceeds to an amount greater than the mere amount necessary to pay the principal and interest due on the loan. As we construe the law it requires that the pawnshop keeper must exert a reasonable effort to sell the article pledged at a price approximating the true value of the article sold.

It is quite clear that the Ideal Securities, Inc. made no effort to secure any other price for the watch except the amount necessary to take care of the loan. In our opinion this is not the kind of a sale contemplated by law.

We conclude that the trial court committed error in rendering judgment for the defendant. The judgment is ordered reversed and the cause remanded for further proceedings according to law.

LIEGHLEY, PJ, and TERRELL, J, concur in judgment.