The State, ex rel. Board of Education of Pioneer Joint Vocational School District, *v.* Schumann, Clerk.

[Cite as State, ex rel. Bd. of Edn., v. Schumann, Clerk, 7 Ohio St. 2d 41.]

(No. 40191—Decided June 22, 1966.)

*Messrs. Squire, Sanders & Dempsey* and *Mr. George I. Meisel,* for relator.

*Mr. Jerry W. Rader,* for respondent.

*Per Curiam.* The sole question raised in this action is whether the school districts composing a joint vocational school district organized under the provisions of Section 3311.16 *et seq.,* Revised Code, must be contiguous.

The controversy arises as a result of apparently inconsistent provisions in the Revised Code.

Section 3311.06, Revised Code, the general section relating to territorial requirements of all school districts, provides in part as follows:

"The territory included within the boundaries of a city, local, exempted village, or joint vocational school district shall be contiguous except where a natural island forms an integral part of the district."

Section 3311.16, Revised Code, the specific section providing for the creation of joint vocational school districts, is as follows:

"*Any* local, exempted village, city, or county board of education, or *any* combination of such districts, referred to in Sections 3311.16, 3311.17, and 3311.18 of the Revised Code, as the initiating unit, may make or contract for the making of a study pertaining to the need to establish within the county, or within an area comprised of two or more adjoining counties, a joint vocational school district, and for the preparation of a plan for the establishment and operation of a joint vocational school district covering the territory of two or more school districts within such county or counties. *Any* local, exempted village, or city school district in the county or counties may participate with the initiating unit in the cost of such study and plan. Such plan shall be submitted to the State Board of Education by the initiating unit." (Emphasis added.)

Section 3311.213, Revised Code, concerning the addition of school districts to established joint vocational school districts, provides in part:

"With the approval of the board of education of a joint vocational school district which is in existence, *any other school* district in the county or counties comprising the joint vocational school district may become a part of the joint vocational school district." (Emphasis added.)

To determine whether Section 3311.06, Revised Code, is presently applicable to joint vocational school districts requires an examination of the history of these sections.

Joint vocational school districts were included in the provisions of Section 3311.06, Revised Code, in 1943 (120 Ohio Laws 475, 504). At that time, Section 3311.16, Revised Code, provided that adjoining school districts only could form joint vocational school districts.

In 1961, the sections relating to joint vocational school districts were completely revised making them separate entities, and at that time the word, "adjoining," was deleted from

Section 3311.16, Revised Code. However, Section 3311.06, Revised Code, was not changed and it still retains the contiguous requirement.

It is relator's position that the 1961 amendment constituted an implied repeal of that part of Section 3311.06, Revised Code, which requires that the districts in a joint vocational school district be contiguous.

Respondent, on the other hand, urges that implied repeals are not favored in the law, that there is no conflict in the sections, and, thus, that there is no implied repeal.

In the present action, we are considering a general act and a special act, both of which originally carried the same requirement, contiguity of districts, and the effect of a subsequent amendment of the special section deleting from the special section the requirement of contiguity of districts.

It should be noted at the outset that Section 3311.16, Revised Code, now provides that "*any* local, exempted village, city or county board of education, or *any combination* of such districts * * * may make or contract for the making of a study to establish * * * a joint vocational school district * * *," and that "*any* local, exempted village or city school district in the county or counties may participate in the initiating unit in the cost of such study and plan * * *"; and that Section 3311.213, Revised Code, provides that "*any* other school district in the county or counties comprising the joint vocational school district" may join an established joint vocational school district. It is apparent that there is no requirement that the districts be contiguous in these sections, and that they are now in direct conflict with the provisions of Section 3311.06, Revised Code.

Two principles of statutory construction control the disposition of this action.

The first is that, where there is a general statute and a special statute covering the same subject matter, the specific statute controls.

The first paragraph of the syllabus of *Acme Engineering Co.* v. *Jones, Admr.*, 150 Ohio St. 423, states:

"A special statutory provision which applies to a specific subject matter constitutes an exception to a general statutory provision covering other subjects as well as the specific subject matter which might otherwise be included under the general

provision. (*State, ex rel. Steller et al.; Trustees,* v. *Zangerle, Aud.,* 100 Ohio St. 414, and paragraph one of the syllabus in *State, ex rel. Elliott Co.,* v. *Connar, Supt.,* 123 Ohio St. 310, approved and followed.)''

In *Andrianos* v. *Community Traction Co.,* 155 Ohio St. 47, the first paragraph of the syllabus states:

''A special statutory provision which relates to the specific subject matter involved in litigation is controlling over a general statutory provision which might otherwise be applicable.'' See, also, *State, ex rel. Kearns, Pros. Atty.,* v. *Rindsfoos,* 161 Ohio St. 60.

The second rule of construction is that, where two sections of the Code are inconsistent with each other, the later enacted section prevails.

In *Western & Southern Indemnity Co.* v. *Chicago Title & Trust Co.,* 128 Ohio St. 422, the first paragraph of the syllabus reads:

''Where two sections of the General Code contain inconsistent provisions relating to the same subject-matter, the later enactment must prevail and the earlier is repealed by implication.''

It is clear that Section 3311.16 *et seq.,* Revised Code, are special statutory provisions relating solely to the creation of joint vocational school districts, and that they were enacted subsequent to the general section relating to territorial requirements of school districts. Thus, under the above rules of statutory construction, the provisions of Section 3311.16 *et seq.,* Revised Code, must prevail over the general requirement of Section 3311.06, Revised Code.

An examination of Section 3311.16 *et seq.,* Revised Code, shows that there is nothing therein which requires that the school districts forming joint vocational school districts be contiguous to each other, and, therefore, noncontiguous districts may unite to form a joint vocational school district.

The motion for summary judgment is granted in favor of relator.

*Writ allowed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.