Gulf Ins. Group, Appellant, v. Trester, d. b. a. Trester Auto Parts and Wrecking Service, Appellee.

[Cite as Gulf Ins. Group v. Trester (1970), 22 Ohio App. 2d 172.]

(No. 377—Decided February 16, 1970.)

*Messrs. Ely, Moore & Tilbury,* for appellant.
*Messrs. Walker, Bradford & Hill,* for appellee.

Hess, J. This is an appeal on questions of law from the Court of Common Pleas of Clermont County. The petition of the plaintiff, appellant herein, Gulf Insurance Group, herein referred to as plaintiff, was in replevin of an automobile. The cross-petition of the defendant, appellee herein, Elburn Trester doing business as Trester Auto Parts and Wrecking Service, herein referred to as defendant, was for judgment for towing and storage charges.

There is no material dispute on the facts. The defendant owned and operated a used parts and wrecker-service business and maintained about two thousand cars on his premises.

On October 21, 1967, a 1967 Ford Mustang automobile was stolen from the premises of one Donald Swartz, doing

business as Swartz Ford Sales, Muncie, Indiana. The theft immediately was reported to the Indiana State Police and entered on their state message reports as No. 4A-G-12787. The plaintiff insured the stolen automobile against theft, paid Swartz nineteen hundred dollars for the theft loss and became subrogated to his ownership interest in the stolen automobile.

On October 23, 1967, a deputy sheriff of Clermont County found the stolen automobile abandoned on Deerfield Road. He called the defendant, and after some conversation the defendant moved the automobile to his premises where it remained until January 6, 1969, at which time the plaintiff filed its petition in replevin.

It appears from the record that from October 23, 1967, until about one week before January 6, 1969, the only effort made by the defendant to ascertain the ownership of the automobile was to ask the deputy sheriff "if he ever found out anything about the car." The defendant testified "it was not my place to find out whether it's stolen. Eventually I did but it was not my job." Finally, the defendant contacted the Federal Bureau of Investigation and "within a week or a couple of days" thereafter the plaintiff was in communication with the defendant. The defendant refused to release possession of the automobile to the plaintiff without payment of the towing and storage charges incurred by him.

On January 6, 1969, the plaintiff filed its petition in replevin and recovered possession of the Ford Mustang, and on February 10, 1969, the defendant filed his answer and cross-petition for storage and towing charges in the sum of four hundred and fifty-six dollars.

Upon submission to the trial court on questions of law, judgment for possession of the automobile was granted to the plaintiff and judgment entered in favor of the defendant in the sum of four hundred and fifty-six dollars for towing and storage charges.

The question presented to this court is whether a garage owner, who, upon the suggestion or request of a deputy sheriff, removes a stolen vehicle to his place of business

and keeps it in storage, has a claim against the owner or a lien upon the stolen vehicle for towage and storage charges, when the owner is not notified nor has any knowledge of its recovery or location.

In the written decision or opinion filed by the trial court it is stated:

"The plaintiff has submitted to the court a decision from the Court of Appeals of Summit County in the case of the *Burns Motor Company* v. *Briggs,* reported in 27 Ohio Appellate at page 80. This decision is over forty years old and while quite similar to the facts in this case, the court does not feel that it is good law and will not follow it."

The court further expressed the opinion that:

"In that decision it is stated that a garage owner, upon order of the city policeman, to tow a car to his garage and keep it there, where the car was parked in violation of a city ordinance, is not entitled to a claim against the owner or have a lien on a motor vehicle for a towage or storage charges. If this is followed generally throughout the state, and in all cities of the state, it would create havoc. The people could abandon their cars on the public streets in and out of the city, and they would become subject to vandalism and certainly eventually become eyesores and junk cars, so this court will hold that a person, either of his own volition, or because of the action of some other individual, abandons a car on a public road or a public street, automatically authorizes the police officers to take charge of said car, and to use any and all reasonable steps to protect the interest of the owner of the car."

As stated by the trial court, the pertinent facts in the *Burns case (supra)* are essentially the same as the facts in the instant. The *Burns case* has not been reversed. The syllabus of that case reads:

"A garage owner, which, upon the order of a city policeman, tows to its garage an automobile parked upon a city street in violation of a city ordinance and keeps it in storage, does not have a claim against the owner or a lien upon the automobile for its towage and storage charges."

In the instant case, the deputy sheriff was not the agent of the owner of the stolen automobile. The deputy sheriff who caused the stolen automobile to be taken from a road in a rural area did not have authority to bind the plaintiff for the towage and storage charges claimed by the defendant. No contract, express or implied, existed between the owner of the automobile and the garageman.

The rationale of the *Burns case* is supported in the cases of *National Cash Register Co.* v. *Malitz* (1953), 93 Ohio App. 241, and *Sofo* v. *B. R. Baker Co.* (1926), 23 Ohio App. 43. Cases in other jurisdictions supporting the law established in the *Burns case* are cited therein.

In keeping with Ohio case law, we hold that a garage owner who, upon the request or direction of a deputy sheriff, removes a stolen vehicle to his place of business and keeps it in storage does not have a claim against the owner or a lien upon the stolen vehicle for storage and towage charges where the owner is not notified of its recovery and the whereabouts thereof.

The judgment of the Court of Common Pleas of Clermont County, granting possession of the automobile to the plaintiff is sustained, and the judgment finding in favor of the defendant in the sum of $456 on his cross-petition is reversed and final judgment entered for the plaintiff.

*Judgment accordingly.*

SHANNON, P. J., and HILDEBRANT, J., concur.