BancOhio National Bank, Appellee, *v.* Wilson Towing Services, Inc., Appellant.

(No. 10644—Decided January 5, 1983.)

Mr. *Bruce H. Fahey* and *Mr. Frederick S. Corns,* for appellee.

Mr. *Ronald O. Kaffen* and Mr. *Lee C. Davies,* for appellant.

O'Neill, J. This matter involves a dispute between plaintiff-appellee (the holder of a perfected security interest as noted on the certificates of title of a 1976 Buick automobile titled in the name of Dawn Boykin, and a 1976 Ford truck titled in the name of Terry Simon) and defendant-appellant. Defendant came into possession of the vehicles as the result of

an order of the Chief of Police of the city of Akron, which directed defendant to tow the vehicles since they were left on public property.

The Simon vehicle was towed and plaintiff received on August 12, 1981, the statutory notice that the vehicle was in the custody of defendant. Plaintiff attempted to take possession of this vehicle, but defendant refused to release it without payment of towing and storage charges. Plaintiff thereupon instituted an action in replevin to recover the vehicle. Similar notice was received by plaintiff on December 29, 1981, regarding the Boykin vehicle, and plaintiff filed a replevin action on January 14, 1982, to recover the vehicle after defendant refused to release it without payment of the like charges.

These two replevin actions were consolidated under one caption in the Akron Municipal Court and submitted to the referee of said court upon an agreed statement of facts. The vehicles were then sold to prevent further depreciation with the proceeds being held in escrow.

The referee issued his report in favor of plaintiff in both cases, said report being affirmed by the Akron Municipal Court over objection by defendant. Defendant thereon filed this appeal.

This matter was submitted to a referee in the Akron Municipal Court upon an agreed statement of facts which read as follows:

"The parties herein, BANCOHIO NATIONAL BANK and WILSON TOWING SERVICE [*sic*], INC. by and through their respective attorney's [*sic*] stipulate and agree upon the following facts and submit the same to the Court for a final determination of the issues raised by the pleadings:

"1. This is an action to recover possession of a 1976 Buick automobile, Serial #4507062710341 titled in the name of Dawn Boykin, 409 Dodge St., Kent, Ohio 44240. Under date of September 11, 1979, said Dawn Boykin, executed and delivered to Stan Alan Pontiac, Inc. her

promissory note in the amount of $4,095.72. For the purpose of securing such indebtedness Dawn Boykin granted a security interest in the 1976 Buick automobile, which is the subject matter of this proceeding. A copy of the Security Agreement is attached hereto and marked Exhibit (A). The promissory note and the security interest referred to herein were subsequently assigned to the Plaintiff.

"2. The security interest in favor of Plaintiff is noted on the Certificate of Title evidencing ownership of said vehicle in accordance with the applicable Ohio law. A copy of such Certificate of Title with the lien noted thereon is attached hereto, marked Exhibit (B).

"3. The indebtedness of said Dawn Boykin referred to herein is in default, and accordingly in accordance with the terms of the Security Agreement, Plaintiff is entitled to possession of said vehicle.

"4. Said automobile has not been taken for any tax assessment or fine levied by virtue of any law of this state, nor seized under any execution or attachment other than as stipulated hereafter.

"5. Defendant has possession of automobile and having obtained possession thereof by virtue of an order of the Chief of Police of the City of Akron, Ohio, an Incorporated Charter municipality under the laws of the State of Ohio.

"6. That Defendant's Exhibit (1) is a citation for the parking of said motor vehicle over 72 hours prior to the issuance of said citation 1, and Defendant's exhibit (2). is an affidavit issued by the Akron Police Department, and is to be admitted and accepted as a document kept and maintained by said Akron Police Department in the ordinary causes of police business.

"7. That the Plaintiff received the notice set forth as Defendant's exhibit (2) on or about 12-30-80.

"8. That joint exhibit (3) and (4) are 4513.61 Ohio Revised Code and 404.06

and 404.07 Akron Ordinance[s] are the validly enacted and applicable statutes and ordinances controlling the towing, storage and reclamation of motor vehicles left on public property, and more particularly the motor vehicle herein.

"9. Said 1976 Buick aforesaid was left on a public street for a period on excess of 72 hours, and then was towed and stored at Defendant's Wilson Towing Service [sic], Inc. storage area which was designated as the place of storage by the Akron Chief of Police pursuant to his authority delegated by 4513.61 Ohio Revised Code and 404.06 and 404.07 Akron City Ordinance[s] respectively.

"10. That pursuant to the order of the Chief of Police, and pursuant to parking violation ticket C386318, the Defendant caused to be towed and stored said aforementioned 1976 Buick motor vehicle, and that towing and storage charges, as of the date of the filing of the original action herein, January 14, 1982 is $489.50 in accordance with the schedule of rates approved pursuant to 404.09 Akron City Ordinance."

In capsule form, the facts are as follows: The plaintiff, BancOhio National Bank ("BancOhio"), holds a protected security interest on the motor vehicles involved. The owners had defaulted and the bank sought to repossess the vehicles. Wilson Towing Services, Inc. ("Wilson") had towed and impounded the vehicles pursuant to orders of the Akron Police Department. Wilson refused to surrender possession to the bank until the towing and storage charges were paid. The bank filed actions in replevin.

Wilson, after answering, moved for dismissal, arguing that the replevin statutes of Ohio are unconstitutional because they do not provide for pre-seizure notice or hearing before a judicial officer.

In his report, the referee concluded that the replevin action was not unconstitutional because "the right to possession of the vehicles will only be

determined after a full adversary hearing resulting in a final appealable order, this is not a prejudgment seizure." He concluded that the bank's lien was superior to that of Wilson. The trial court approved and adopted the report.

The first assignment of error argues that the trial court erred in determining that the replevin action brought by plaintiff met minimum due process standards and was constitutional.

The complaint filed in the trial court alleged the right to possession to be held by BancOhio. The prayer requested, in part, "judgment against the defendant for possession." The complaint was accompanied by an affidavit by an agent of BancOhio. An order for delivery was issued by the clerk but the property was not delivered to the plaintiff. There is nothing in the record to indicate that the plaintiff posted a bond or that defendant executed a bond. No value of the property was ever ascertained. Regardless of caption, this action did not proceed as a replevin action.

When a complaint in replevin is filed, the clerk of court shall issue an order of delivery. (R.C. 2737.02.) The order shall be delivered to the bailiff commanding him to take the property and deliver it to the plaintiff. (R.C. 2737.03.) The bailiff must deliver the order and seize the property. (R.C. 2737.05.) The bailiff need not seize the property until there is executed by the plaintiff a bond to the defendant to the effect that the plaintiff will prosecute the action and, in the event that the suit is decided against him, will pay the costs and expenses. (R.C. 2737.06.) Plaintiff must also deposit a bond for at least double the value of the property. (R.C. 2737.07.) The value of the personal property shall be ascertained by the oath of two or more responsible persons. (R.C. 2737.14.)

Both parties departed from the statutory replevin action. After the case was at issue, the parties agreed that the motor vehicles would be sold, and the proceeds deposited in a savings account, "said account to be turned over to prevailing party."

If any part of or all of the replevin laws of Ohio are unconstitutional, the defendant did not suffer by the thrust thereof. By agreement, the case proceeded not as a possessory matter but rather as a determination of liens. Since the consequence of constitutionality of replevin in Ohio is of no import to this case, we shall pass this first assignment of error.

The second assignment of error complains that the trial court erred in ruling that the lien of the plaintiff was superior to the interest of defendant.

The defendant came into possession of the motor vehicles pursuant to R.C. 4513.61, which reads, in pertinent part, as follows:

"The sheriff of a county or chief of police of a municipal corporation, township, or township police district, within his respective territorial jurisdiction, or a state highway patrolman, upon notification to the sheriff or chief of police of such action and of the location of the place of storage, may order into storage any motor vehicle, other than an abandoned junk motor vehicle as defined in section 4513.63 of the Revised Code, which has been left on a public street or other property open to the public for purposes of vehicular travel, or upon or within the right-of-way of any road or highway, for forty-eight hours or longer without notification to the sheriff or chief of police of the reasons for leaving the motor vehicle in such place. The sheriff or chief of police shall designate the place of storage of any motor vehicle ordered removed by him.

"The sheriff or chief of police shall immediately cause a search to be made of the records of the bureau of motor vehicles to ascertain the owner and any lienholder of a motor vehicle ordered into storage by the sheriff or chief of police, or by a state highway patrolman, and, if

known, shall send notice to the owner or lienholder at his last known address by certified mail with return receipt requested, that the motor vehicle will be declared a nuisance and disposed of if not claimed within ten days of the date of mailing of the notice. The owner or lienholder of the motor vehicle may reclaim it upon payment of any expenses or charges incurred in its removal and storage, and presentation of proof of ownership, which may be evidenced by a certificate of title to the motor vehicle."

The plaintiff claims priority by virtue of R.C. 4505.13, which reads in pertinent part, as follows:

"* * * Any security agreement covering a security interest in a motor vehicle, if such instrument is accompanied by delivery of a manufacturer's or importer's certificate and followed by actual and continued possession of such certificate by the holder of said instrument, or, in the case of a certificate of title, if a notation of such instrument has been made by the clerk of the court of common pleas on the face of such certificate, shall be valid as against the creditors of the debtor, whether armed with process or not, and against subsequent purchasers, secured parties, and other lienholders or claimants. All liens, mortgages, and encumbrances noted upon a certificate of title shall take priority according to the order of time in which the same are noted thereon by the clerk. Exposure for sale of any motor vehicle by the owner thereof, with the knowledge or with the knowledge and consent of the holder of any lien, mortgage, or encumbrance thereon, shall not render such lien, mortgage, or encumbrance ineffective as against the creditors of such owner, or against holders of subsequent liens, mortgages, or encumbrances upon such motor vehicle."

The trial court afforded priority to the plaintiff's lien because, "At any time a vehicle was towed, the lender would be compelled to pay the towing company, or eventually lose the lien."

R.C. 4505.13 is a general statute. It deals equally in every circumstance having to do with liens which are noted by the clerk of courts upon motor vehicle certificates of title. General laws are laws operating uniformly throughout the state, which prescribe a rule of conduct upon citizens generally, and which operate with general, uniform application throughout the state under the same circumstances and conditions. (*Garcia* v. *Siffrin* [1980], 63 Ohio St. 2d 259, 271 [17 O.O.3d 167].) R.C. 4513.61 is a statute passed for the particular and specific purpose of clearing public property, streets and highways of abandoned motor vehicles. (50 Ohio Jurisprudence 2d 21, Statutes, Section 10.) It follows that this special statute is an exception to the general statute.

"Special statutory provisions for particular cases operate as exceptions to general provisions which might otherwise include the particular cases and such cases are governed by the special provisions." *State, ex rel. Elliott Co.,* v. *Connar* (1931), 123 Ohio St. 310, syllabus. See, also, *State, ex rel. Bd. of Edn.,* v. *Schumann* (1966), 7 Ohio St. 2d 41, 43 [36 O.O.2d 23]; *Cincinnati* v. *Bossert Machine Co.* (1968), 16 Ohio St. 2d 76, 79 [45 O.O.2d 420].

The legislature has provided instruction and guidance:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail." (R.C. 1.51.)

"(A) If statutes enacted at the same or different sessions of the legislature are irreconcilable, the statute latest in date of enactment prevails.

"(B) If amendments to the same statute are enacted at the same or different sessions of the legislature, one amendment without reference to another,

the amendments are to be harmonized, if possible, so that effect may be given to each. If the amendments are substantively irreconcilable, the latest in date of enactment prevails. The fact that a later amendment restates language deleted by an earlier amendment, or fails to include language inserted by an earlier amendment, does not of itself make the amendments irreconcilable. Amendments are irreconcilable only when changes made by each cannot reasonably be put into simultaneous operation." (R.C. 1.52.)

R.C. 4505.13 was initially adopted in 1938, in substantially the same form as it exists today. It was new law appearing as G.C. 6290-9.

"This is a comparatively recent law dealing with title, conveyancing and incumbering of motor vehicles, and one which definitely, as I think, provides a completely new procedure for giving notice of the existence of a chattel mortgage and for the recording thereof." *Morris Plan Bank* v. *Knott* (N.D. Ohio 1941), 25 O.O 220.

R.C. 4513.61 took effect in October 1971; thus, it is a special statute with a later adoption. Accordingly, the special statute (R.C. 4513.61) prevails. The trial court should have ruled that defendant was entitled to payment of any expenses or charges incurred in the removal of the vehicles. The judgment entered by the trial court is vacated and judgment is decreed in behalf of defendant Wilson.

*Judgment accordingly.*

GREY, P.J., and DONOFRIO, J., concur.

GREY, P.J., of the Fourth Appellate District, sitting by assignment in the Ninth Appellate District.

O'NEILL and DONOFRIO, JJ., of the Seventh Appellate District, sitting by assignment in the Ninth Appellate District.