THORP CREDIT, INC. OF OHIO, APPELLEE,
v. JOHNNY'S AUTO & TRUCK TOWING,
INC., APPELLANT.

(No. 10921—Decided April 27, 1983.)

Mr. Patrick J. D'Andrea, for appellee.

Mr. Michael J. Moran, for appellant.

GEORGE, J. Plaintiff-appellee Thorp Credit, Inc. of Ohio ("Thorp") filed a complaint against defendant-appellant Johnny's Auto & Truck Towing, Inc. ("Johnny's") for replevin of a motorcycle titled in the name of David K. Harris, Jr. Thorp had a security interest in the motorcycle which Johnny's towed at the request of the Akron police. Johnny's counterclaimed for towing and storage charges. The trial court adopted the report of the referee by awarding a writ of restitution to Thorp and dismissing Johnny's counterclaim. This court affirms the judgment of the trial court.

On September 2, 1981, Harris was arrested while riding his motorcycle. The police had his motorcycle towed. Johnny's towed and stored the motorcycle pursuant to Akron's impounding ordinance, Akron Ordinance Sections 404.06 to 404.11. Harris never reclaimed the motorcycle.

The motorcycle was purchased by Harris with a loan from Thorp. Thorp thereby had a recorded security interest in the motorcycle. When Harris defaulted on the loan, Thorp attempted to recover the motorcycle from Johnny's. Thorp made several demands for the return of the motorcycle based upon its recorded security interest. Johnny's refused to release the motorcycle without payment first being made for the towing and storage fees.

Appellant raises two assignments of error:

"I. The trial court erred in holding that Ohio Revised Code, Section 4505.13 liens are superior to the towing and storage lien of the City of Akron impounding ordinance possessory lien and that of the State of Ohio statutory lien.

"II. The trial court erred in not holding that Article XVIII, Section 3 of the Ohio Constitution gives precedence to the City of Akron's impounding ordinance over Ohio Revised Code, Section 4505.13."

The issue raised by the errors assigned may be stated thus: Is a possessory lien on a vehicle, towed pursuant to Akron's impounding ordinance, superior to a recorded security interest as provided in R.C. 4505.13?

R.C. 4505.13, part of the certificate of motor vehicle law, states that a properly recorded security interest takes priority over subsequent liens. The objective of this recording statute is to provide an effective means for transferring and recording the title of vehicle ownership. Further, it is designed to provide notice to the world of any and all liens on the vehicle.

The impact of R.C. 4505.13 is illustrated in *Commonwealth Loan Co.* v. *Berry* (1965), 2 Ohio St. 2d 169 [31 O.O.2d 321]. In that case, the Ohio Supreme Court held that the interest created by the security agreement, pursuant to R.C. 4505.13, is superior to a subsequent artisan's lien.

Johnny's argues that the Akron impounding ordinance is similar to R.C. 4513.61, which deals with abandoned vehicles. That statute specifically requires

the owner or lienholder of the abandoned vehicle to pay the towing and storage costs before the vehicle is returned. Therefore, this statute creates an exception to R.C. 4505.13.

In the instant case, however, the vehicle was impounded as a result of the arrest of the driver. The vehicle was not abandoned. The appellant argues that the Akron ordinance is analogous to R.C. 4513.61 and is, therefore, within the exception carved out by the state legislature. Since the ordinance exceeds the scope of R.C. 4513.61, which is limited in its application to vehicles that have been abandoned, this argument must be rejected.

Section 3, Article XVIII of the Ohio Constitution provides that the powers of local self-government may be exercised in the passage of legislation only to the extent that such legislation does not conflict with the general laws. Here, obviously, R.C. 4505.13 is a law of general application throughout the state. A municipality cannot carve out an exception to the priority of liens established by the General Assembly beyond that otherwise provided. The Akron ordinance is invalid to the extent that it is in conflict with the general law.

Therefore, the lien established by Thorp pursuant to R.C. 4505.13 is superior to the possessory lien claimed by Johnny's. The assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, J., concurs.

MAHONEY, J., concurs separately.

MAHONEY, J., concurring. I believe we have answered the issue which is before us. However, this leaves for a more appropriate case, questions as to the right of the city to create any preferential liens (possessory or otherwise) or to provide for bonds particularly with reference to innocent people.