FIRST FEDERAL SAVINGS and LOAN ASSOCIATION OF WARREN, Appellant,

v.

A & M TOWING & ROAD SERVICE, INC., Appellee, et al.

[Cite as *First Fed. S. & L. Assn. of Warren v. A & M Towing
& Road Serv., Inc.* (1998), 127 Ohio App.3d 46.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 97–T–0028.

Decided March 30, 1998.

48

*Thomas G. Carey, Jr.,* for appellant.

*Martin D. Dematteis,* for appellee.

FORD, Presiding Judge.

This is an appeal from the Girard Municipal Court. Appellant, First Federal Savings & Loan Association of Warren, appeals a judgment in favor of appellee, A & M Towing Service, Inc., in the amount of $2,228 as of January 23, 1997, plus a storage fee of $7 per day thereafter.

The parties stipulated to the following facts in the trial court:

"1. Nicholas Leonetti III is the owner of a 1991 Honda automobile.

"2. The purchase of the automobile was financed through [appellant].

"3. On October 31, 1994, Nicholas Leonetti III and Geneva L. Timko signed a promissory note payable to [appellant] to finance the purchase of the motor vehicle. * * *

"4. [Appellant] was granted a voluntary lien against the automobile to finance the loan. The lien of [appellant] was duly noted on the certificate of title * * *.

"5. Mr. Leonetti and Ms. Timko breached the terms of the loan agreement by failing to make timely payments on the loan.

"6. On March 6, 1996, [appellant] sent out the loan as delinquent and sent out its repossession people to seize the vehicle.

"7. On March 9, 1996, the Honda was reported stolen.

"8. The vehicle was recovered on March 10, 1996, by the Weathersfield Police Department. The Weathersfield Police Department authorized [appellee] to tow the vehicle to 1024 South State Street, Girard, Ohio 44420, where it remains in storage.

"9. The Weathersfield Police Department did not notify [appellant] of the theft and recovery of the vehicle.

"10. On May 30, 1996, [appellant] learned from Nicholas Leonetti III that the car had been stolen and was in storage [on appellee's premises]. The charges incurred by [appellee] include $12.00 in mileage, a towing fee of $65.00, and a storage fee of $7.00 per day."

On June 18, 1996, appellant filed a complaint in replevin in the trial court against the purchasers of the vehicle and appellee. Appellant alleged that appellee refused to surrender possession of the vehicle despite its demand for it. In Count One, appellant sought either possession of the vehicle or judgment against all defendants in the amount of $8,476.87, the balance owed on the note, plus interest from March 30, 1996. In Count Two, appellant sought a monetary judgment against the purchasers for the total amount due on the vehicle.

On August 28, 1996, the trial court granted default judgment against the purchasers, but the case continued against appellee. On January 8, 1997, appellee filed an answer and counterclaim, alleging that it was entitled to recover its expenses in towing and storing the automobile in question.

On January 27, 1997, the trial court entered final judgment. The court first determined that appellee's lien was superior to appellant's lien. The court found that each party had departed from the statutory replevin action and had proceeded as though the action were solely for monetary damages. The court overruled appellant's motion for possession and dismissed appellant's complaint against appellee. Furthermore, the court ordered that "[appellee] recover from [appellant] the sum of $2,228.00 as of January 23, 1997 and $7.00 per day thereafter until [appellant] reclaims said vehicle and [appellant] is hereby OR-DERED to reclaim said vehicle within a period of 30 days; that [appellee] shall recover from [appellant] interest thereon at the legal rate plus the costs of [appellee's] counterclaim."

Appellant timely filed a notice of appeal and asserts the following as error:

"[1.] The trial court erred to the prejudice of [appellant] in ruling that it departed from its complaint brought in replevin and proceeded as an action for monetary damages.

"[2.] The trial court erred to the prejudice of [appellant] in finding that [appellee] has a superior lien to that of [appellant] and in denying [appellant's] motion for possession.

"[3.] The trial court erred to the prejudice of [appellant] in awarding money damages against [appellant] in the sum of $2,228.00 plus $7.00 per day.

"[4.] The trial court erred in ordering [appellant] to reclaim the collateral."

In the first assignment of error, appellant asserts that the trial court erred by treating this as an action solely for monetary damages. R.C. Chapter 2737 sets forth the procedure for a replevin action and provides a process that enables a plaintiff in a replevin action to acquire possession of the chattel at issue until final judgment is entered. R.C. 2737.03. An order granting such temporary possession is known as an order of possession. R.C. 2737.01(D). In this preliminary proceeding, the party seeking the order of possession is the movant, R.C. 2737.01(A), and the party against whom the motion for an order of possession is brought is the respondent, R.C. 2737.01(B).

This preliminary proceeding is commenced only if the plaintiff would like possession of the personal property at issue during the pendency of the replevin action. We perceive nothing in R.C. Chapter 2737 indicating that the posting of a bond is a prerequisite to proceeding with a replevin action. R.C. 2737.10 states that an order for possession shall not be issued unless the movant files a surety bond in an amount twice the value of the property at issue "should judgment be issued against the movant." Thus, the movant who had posted a bond would be required to relinquish the property in a replevin action should final judgment be entered against him or her. Furthermore, R.C. 2727.11 permits the respondent to post a redelivery bond if he or she wishes to retain possession of the property as the replevin action proceeds.

Finally, R.C. 2737.14 states:

"In an action to recover possession of personal property in which an order of possession has been issued, the *final judgment* shall award *permanent possession* of the property and any damages to the party obtaining the award to the extent damages proximately resulted from the taking, withholding, or detention of the property by the other, and the costs of the action. If delivery of the property cannot be made, the action may proceed as a claim for conversion upon due notice being given the respondent of the date, time, place, and purpose of the hearing upon such claim." (Emphasis added.)

The Second District Court of Appeals has recently interpreted this statutory language in *Anca v. Anca* (May 3, 1996), Miami App. No. 95–CA–33, unreported, 1996 WL 220891. In that case, the plaintiffs filed a replevin action alleging that they had entrusted certain personal property to the defendant, who later refused to return the property. Neither party posted a bond. The trial court found in plaintiffs' favor and ordered the defendant to deliver the property at issue to plaintiffs, and awarded attorney fees and punitive damages. On appeal, the

appellant asserted that the trial court erred because the parties had failed to seek prejudgment recovery of the property under R.C. Chapter 2737. The court of appeals held that under R.C. 2737.14, the award of permanent possession of property was proper, although neither party had posted a bond.

Therefore, we conclude that upon a review of R.C. Chapter 2737, it is immediately apparent that an interim order of possession is not the final judgment in a replevin action, and consequential money damages may be awarded in a replevin proceeding without the conclusion that the replevin action is waived and that the case proceeds thereafter solely as an action for money damages. Further, with respect to the conversion alternative specified in the foregoing statute, it is this writer's understanding that this provision was included in the statute to provide a practical, alternative remedy in the same action when the rightful owner ultimately ascertained that the personal property at issue was then in a state of disrepair or damage that rendered it of little or no value, or that it was no longer in the defendant's possession and its location was unknown. This practical dual approach, which was recognized at common law, and which is also this writer's position, found its way into the earlier statutory formats in Ohio.

Appellee relies upon *BancOhio v. Wilson Towing Serv., Inc.* (1983), 7 Ohio App.3d 194, 7 OBR 241, 454 N.E.2d 1374, in support of the trial court's conclusion that "each party departed from the statutory replevin action and proceeded as an action for monetary damages." That reliance is misplaced, because in *BancOhio* the fact that neither party had posted a bond was irrelevant to the court's decision that the replevin action had abated, because the court relied upon the parties' explicit agreement that "the motor vehicles would be sold, and the proceeds deposited in a savings account, 'said account to be turned over to the prevailing party.'" *Id.* at 196, 7 OBR at 243, 454 N.E.2d at 1376–1377. We agree entirely that when the right to possession of a chattel is no longer at issue, replevin is inapplicable. However, in the present matter, the record includes no such agreement to sell the vehicle, as the parties still contested rightful possession of the automobile, which is the essence of a replevin action.

Based upon the foregoing, we hold that the posting of a bond is not a prerequisite to the maintenance of a replevin action. Therefore, the trial court erred in dismissing appellant's replevin claim because there was nothing in the record establishing that appellant had in any way departed from an express replevin action to the alternative money damages theory provided in R.C. 2737.14. Appellant's first assignment of error is well taken.

In the second assignment of error, appellant claims that the trial court erred by concluding that appellee had a superior lien to appellant's. In reaching its

conclusion, the trial court held that "a lien created by R.C. 4513.61 does in fact supersede a lien created by R.C. 4505.13." Appellant has a lien pursuant to R.C. 4505.13(B), which states:

"[A]ny security agreement covering a security interest in a motor vehicle, if a notation of the agreement has been made by the clerk of the court of common pleas on the face of the certificate of title, is valid as against the creditors of the debtor, whether armed with process or not, and against subsequent purchasers, secured parties, and other lienholders or claimants."

The trial court concluded that appellee has a lien under R.C. 4513.61, which stated:

"The * * * chief of police of a * * * township * * * within [his] respective territorial jurisdiction * * * may order into storage any motor vehicle * * * which has been left on a public street or other property open to the public for purposes of vehicular travel, or upon or within the right-of-way of any road or highway, for forty-eight hours or longer without notification to the * * * chief of police of the reasons for leaving the motor vehicle in such place. The * * * chief of police shall designate the place of storage of any motor vehicle so ordered removed.

"The * * * chief of police immediately shall cause a search to be made of the records of the bureau of motor vehicles to ascertain the owner and any lienholder of a motor vehicle ordered into storage by the * * * chief of police * * * and, if known, *shall send or cause to be sent notice to the owner or lienholder* at the owner's or lienholder's last known address by certified mail with return receipt requested, that the motor vehicle will be declared a nuisance and disposed of if not claimed within ten days of the date of mailing of the notice. The owner or lienholder of the motor vehicle may reclaim it upon payment of any expenses or charges incurred in its removal and storage, and presentation of proof of ownership, which may be evidenced by a certificate of title to the motor vehicle." (Emphasis added.) 146 Ohio Laws, Part V, 8645.

However, R.C. 4513.61 applies only to abandoned vehicles. *Thorp Credit, Inc. v. Johnny's Auto & Truck Towing, Inc.* (1983), 9 Ohio App.3d 296, 296–297, 9 OBR 542, 542–544, 459 N.E.2d 1313, 1313–1315; *Gen. Elec. Evandale Emp. Fed. Credit Union v. Coffey's Body Shop & Towing Serv., Inc.* (June 5, 1991), Montgomery App. No. 12430, unreported, at 2, 1991 WL 97785. "Abandonment of property" has been defined as "relinquishing of all title, possession, or claim; a virtual intentional throwing away of property." Black's Law Dictionary (6 Ed.1990) 3. On the other hand, property is "stolen" when it is "[a]cquired, or possessed, as a result of some wrongful or dishonest act or taking." *Id.* at 1419. Simply stated, a stolen automobile is not an abandoned vehicle under R.C.

4513.61. *Doughman v. Long* (1987), 42 Ohio App.3d 17, 21–22, 536 N.E.2d 394, 398–400.

■ In the case at bar, the stipulations indicate only that the vehicle was stolen. There is absolutely no evidence that Nicholas Leonetti III and Geneva L. Timko intentionally abandoned their 1991 Honda automobile or that appellant caused any abandonment.

■ A garage owner who, at the request of a police officer, tows a stolen vehicle found on a public street has no lien on the stolen automobile for towing and storage charges under such circumstances in the absence of statutory authority. *Gulf Ins. Group v. Trester* (1970), 22 Ohio App.2d 172, 174–175, 51 O.O.2d 317, 318–319, 259 N.E.2d 509, 511–512. Although this court has never directly addressed this issue with respect to a stolen vehicle, we have recently held that a towing company has no statutory lien in a situation not involving abandonment. *Bretz v. CMT Towing & Automotive, Inc.* (Dec. 9, 1994), Portage App. No. 93–P–0072, unreported, at 5, 1994 WL 758334. Accordingly, R.C. 4513.61 is inapplicable to the case at bar. Appellee has no valid lien on the vehicle.[1]

Furthermore, assuming, *arguendo,* that R.C. 4513.61 indeed applied to this case, the requirements of the statute were not sufficiently satisfied to enable its operation against appellant's interests. R.C. 4513.61 mandates that the officer seizing the abandoned vehicle provide notice to any lienholder within ten days of the seizure. This was never accomplished in the instant matter. Although appellant became aware of the seizure through other means on May 30, 1996, almost three months after it was reported stolen, the statute's requirements were never technically satisfied. Therefore, the trial court erred by concluding that appellee's lien was superior to appellant's, because appellee had no valid lien whatsoever on the vehicle. Accordingly, appellant's second assignment of error is well founded.

■ In the third assignment of error, appellant contends that the trial court erred in awarding money damages in favor of appellee in the sum of $2,228 plus $7 per day. Since we have held that R.C. 4513.61 is inapplicable to the case at bar because the automobile was not abandoned, appellee is not entitled to the storage fees awarded by the trial court. However, under *quantum meruit,* appellee is entitled to the reasonable value of the benefit conferred upon appellant. *Doughman,* 42 Ohio App.3d at 23, 536 N.E.2d at 400–401. In the instant matter, since appellant could have reclaimed the vehicle ten days after

---

1. The trial court concluded that a lien pursuant to R.C. 4513.61 is superior to a lien under R.C. 4505.13 on the basis that the former is a special statute while the latter is a general statute. Although we need not reach the issue, we note that we have serious concerns with this analysis.

appellee towed the vehicle had appellant received proper, timely notice, appellee is entitled to the reasonable value of the towing and storage fees for ten days, a total of $147, which includes, pursuant to the parties' stipulations, $65 for towing, $12 for mileage, and $70 for storage. Accordingly, appellant's third assignment of error is well taken to the extent that the trial court awarded appellee damages above that amount to which appellee is entitled under *quantum meruit.*

Appellant claims in the fourth assignment of error that the trial court erred in ordering appellant to reclaim the collateral. As previously noted, the trial court awarded appellee a monetary judgment in conjunction with ordering appellant to remove the vehicle from appellee's property. Although this court is not aware of any legal authority that would support such a discordant order, in view of our treatment of the first three assignments of error, we conclude that appellant's fourth assignment of error is moot as a result of our determination that appellant is entitled to possession of the automobile through its reliance on replevin. App.R. 12(A)(1)(c).

For the foregoing reasons, appellant's first, second, and third assignments of error are well taken, and appellant's fourth assignment of error is moot. The judgment of the Girard Municipal Court is reversed, and this matter is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

CHRISTLEY, J., concurs.

WILLIAM M. O'NEILL, J., dissents.

WILLIAM M. O'NEILL, Judge, dissenting.

I respectfully dissent from the foregoing opinion based upon the majority's conclusion that appellee is entitled to recover only $70 for storage of the Honda in question, representing $7 per day for a period of ten days.

To begin with, I disagree with the outcome reached by the Twelfth District Court of Appeals in *Doughman v. Long* (1987), 42 Ohio App.3d 17, 536 N.E.2d 394. The clear intent of the legislature in enacting R.C. 4513.61 was to protect the rights of a garage owner for towing and storage charges by giving the garage owner a lien on the abandoned vehicle that was towed at the request of a law enforcement official. Holding that a vehicle that is first stolen and then abandoned is not an "abandoned" vehicle within the meaning of the statute simply does not comport with the legislative intent. When a towing company receives a call from the police department to pick up a vehicle left on the side of a road, the towing company has no means of determining whether the vehicle was stolen and

abandoned, or just abandoned. The two vehicles would appear indistinguishable to a tow truck driver. Yet by artificially distinguishing between the two situations, the towing company's rights are protected in the latter instance but not in the former. Under the *Doughman* outcome, a garage owner has no guarantee that he will ever be compensated for his efforts should a call come from the police to pick up and store a given vehicle. This could not have been the outcome intended by the legislature.

Moreover, even if I were convinced that the *Doughman* court reached the right outcome, I would still disagree with my colleagues in the present case. Specifically, under appellant's third assignment of error, based upon *quantum meruit*, the majority decided that in addition to towing and mileage fees, appellee was entitled to recover $70 for storage of the Honda covering ten days of storage at $7 per day. The majority reasoned that had appellant received proper, timely notice, it could have reclaimed the vehicle ten days after it was towed by appellee.

It strikes me as inconsistent to first hold that R.C. 4513.61 is inapplicable to the case at bar, and then to award appellee an amount based upon the equitable doctrine of *quantum meruit* that is clearly related to language in that statute. Nevertheless, although appellant was not immediately notified of the discovery and location of the Honda when it was recovered on March 10, 1996, it is undisputed that appellant learned of its whereabouts on May 30, 1996. Under these circumstances, appellant could have avoided a large portion of the storage charges by paying the fees when it first learned of the location of its collateral. It chose not to do so. Accordingly, if *quantum meruit* is to be applied to reimburse appellee for the reasonable value of the benefit conferred upon appellant, the only logical conclusion that can be reached is that appellee is entitled to recover all storage fees subsequent to May 30, 1996. As of that date, there can be but one conclusion and that is that this formerly stolen/abandoned vehicle was once and for all abandoned.

Based upon the foregoing analysis, I would affirm the judgment of the trial court. Therefore, I respectfully dissent.