OPINION
{¶ 1} This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Halley River Jones, d.b.a. River's Body Shop Garage, appeals from a final judgment of the Portage County Court of Common Pleas granting appellee, State Farm Insurance Co., summary judgment on its complaint, and awarding appellant $85 on its counterclaim.
 {¶ 2} The following facts are undisputed. Sometime in May 2001, a 1988 Ford F350 truck owned by Robert Fitch and insured by appellee was stolen and ultimately abandoned at a gas station in Portage County, Ohio. On May 24, 2001, appellant, at the gas station's request, towed the vehicle to its garage. Approximately six months later, appellant called the Portage County Sheriff's Department to inquire about the status of the vehicle. During this conversation, appellant learned that the truck had been stolen and that appellee was the owner. Appellee had paid Fitch's claim and took title to the vehicle on October 19, 2001.
 {¶ 3} As a result, on December 13, 2001, appellant contacted appellee to notify the company about the vehicle's location. The next day appellee called appellant and requested the truck's return. Appellant, however, refused to return the vehicle until appellee first paid the $75 towing fee and the storage costs incurred since May 24, 2001.
 {¶ 4} On February 1, 2002, appellee filed a complaint against appellant in which it asked the trial court to either order appellant to return the truck, or in the alternative, award judgment for the vehicle's fair market value. Appellant then filed an answer that included a counterclaim to recover the unpaid towing fee and storage costs.
 {¶ 5} Appellee subsequently filed a motion for summary judgment. After appellant submitted a brief in opposition, the trial court considered the parties' respective arguments and issued a decision granting appellee summary judgment. In doing so, the trial court concluded that a garage owner does not acquire a lien on a vehicle it tows and stores if the owner did not abandon the vehicle. However, the trial court determined that appellant was entitled to the reasonable value of the benefit conferred upon appellee, which the court determined to be $85, or the value of one day's storage of the truck plus the $75 towing fee.
 {¶ 6} From this decision, appellant filed a timely notice of appeal with this court. Under its sole assignment of error, appellant first argues that the trial court erred in granting appellee summary judgment because a genuine issue of material fact remained as to the amount appellee owed appellant for storing the vehicle. We disagree.
 {¶ 7} Summary judgment is appropriate when the moving party establishes the following: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); Leibreich v. A.J.Refrigeration, Inc., 67 Ohio St.3d 266, 268, 1993-Ohio-176.
 {¶ 8} If the moving party meets its initial burden under Civ.R. 56(C), then the nonmoving party has a reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to demonstrate that there is a genuine issue of fact suitable for trial.Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107. If the nonmoving party fails to do so, the trial court may enter summary judgment against that party. Civ.R. 56(E).
 {¶ 9} After reviewing the record, we conclude that there is no genuine issue of material fact as to the amount appellee owed appellant for storing the truck. In Ohio, a garage owner does not obtain a common law claim or lien against the owner of a vehicle in a non-abandonment situation. First Fed. S. L. Assn. of Warren v. A M Towing Rd. Serv., Inc. (1998), 127 Ohio App.3d 46, 53. See, also, Weisev. Rivers Garage Towing (Sept. 30, 1998), 11th Dist. No. 97-P-0078, 1998 Ohio App. LEXIS 4628, at 10; Bretz v. CMT Towing Automotive, Inc. (Dec. 9, 1994), 11th Dist. No. 93-P-0072, 1994 Ohio App. LEXIS 5515, at 4. Instead, a garage owner is only "entitled to the reasonable value of his services to the extent those services conferred a benefit on the owner of the vehicle, notwithstanding the fact that the owner did not agree to pay for the service before they were rendered."Alcorn v. Moreland (Jan. 30, 1989), 12th Dist. No. CA87-11-092, 1989 Ohio App. LEXIS 261, at 7. However, "where the operator of a storage lot seeks payment for towing and storage fees pursuant to the doctrine of implied contract or quantum meruit, no storage charges may be imposed until after the lot operator has informed the vehicle's owner of the operator's possession of the vehicle and the charges its continued storage will generate." (Emphasis sic.) Tabar v. Charlie's Towing Serv., Inc. (1994),97 Ohio App.3d 423, 429.
 {¶ 10} The evidence in this case clearly shows that the original owner of the vehicle did not voluntarily abandon it. Rather, both parties agree that the truck had been stolen and subsequently left at the gas station by the thief. Also, appellant admits that it made no attempt to identify the vehicle's owner until December 2001, and that when appellee learned of the truck's location, appellee requested its immediate return. Accordingly, because the truck was stolen rather than abandoned, and because appellee was unaware of the vehicle's location, appellant was only entitled to the towing fee and the storage costs incurred after appellant informed appellee that it had the vehicle in its possession.
 {¶ 11} Appellant also claims that in rendering its decision, the trial court ignored the General Assembly's intent when it enacted R.C.4513.61. According to appellant, R.C. 4513.61 was enacted "to protect the rights of a garage owner to towing and storage fees incurred through towing an abandoned vehicle by giving the garage owner a lien on the abandoned vehicle."
 {¶ 12} Because this case involves the theft and subsequent abandonment of a stolen vehicle, R.C. 4513.61 does not apply as it would be unfair to suggest that the owner of a stolen vehicle consented to its towing and storage when the owner did not know the vehicle's location.Doughman v. Long (1987), 42 Ohio App.3d 17, 22. In rejecting a similar claim, the court in Alcorn held the following:
 {¶ 13} "The General Assembly enacted R.C. 4510.60 through 4513.63
to provide law enforcement agencies with a procedure for dealing with stolen vehicles abandoned on public property. These statutes are based on the concept of implied consent. An owner who leaves his vehicle on public or private property for the statutorily specified time is deemed by statute to have presumptively abandoned his vehicle and thereby impliedly consented to its removal by a local police agency. * * *
 {¶ 14} "However, in the case of theft, the car owner does not abandon the vehicle. The thief abandons it and the owner is helpless to stop him. The owner's consent is not involved. Further, a police official is not the owner's agent and cannot give consent for the owner. Therefore, since there is no implied consent, R.C. 4513.60 through 4513.63
do not apply. * * *" (Citations omitted.) Alcorn at 6.
 {¶ 15} Here, not only was the truck stolen and then abandoned, but it also was not towed at the request of a police officer, as it was the gas station where the thief abandoned the vehicle who requested appellant's services. As a result, R.C. 4513.61 was not applicable, and appellant could not recover from appellee the full amount of the cost for storing the vehicle from May 2001 to December 2001. Bretz at 6 (observing that in enacting R.C. 4513.61 through 4513.63, the General Assembly "created statutory liens for tow companies or garage owners who, underthe direction of the police, remove cars illegally parked on private property or abandoned on public property"). (Emphasis added.)
 {¶ 16} Pursuant to the foregoing analysis, appellant's sole assignment of error is not well-taken. The judgment of the trial court, therefore, is affirmed.
Judgment affirmed.
DIANE V. GRENDELL and CYNTHIA WESTCOTT RICE, JJ., concur.