[Cite as *Covatch v. Cent. Ohio Sheltie Rescue, Inc.*, 2016-Ohio-1241.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Veronica Wagner Covatch et al., | : | |
| Plaintiffs-Appellees, | : | No. 15AP-699 |
| | | (M.C. No. 2014CVF 24571) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Central Ohio Sheltie Rescue, Inc. et al., | : | |
| Defendants-Appellants. | : | |

## D E C I S I O N

### Rendered on March 24, 2016

**On brief:** *James H. Banks*, for appellees. **Argued:** *Nina M. Najjar*

**On brief:** *John A. Bell*, for appellants. **Argued:** *John A. Bell*

APPEAL from the Franklin County Municipal Court

LUPER SCHUSTER, J.

{¶ 1} Defendants-appellants, Central Ohio Sheltie Rescue, Inc. ("COSR") and Penny Sanderbeck, appeal from an order of possession of the Franklin County Municipal Court granting the complaint in replevin of plaintiffs-appellees, Veronica Wagner Covatch and Michelle Wilson. For the following reasons, we dismiss for lack of jurisdiction.

### I. Facts and Procedural History

{¶ 2} On July 28, 2014, appellees filed a complaint against appellants asserting causes of action for replevin, conversion, piercing the corporate veil, and money damages arising from the possession of an American Kennel Club ("AKC") Shetland Sheepdog with the AKC registered name Legacies Pipe Dream and nickname Piper. Appellees alleged in the complaint that they are the co-owners of Piper, that Piper is implanted with an identifying microchip, and that appellants took possession of Piper and refused to return

her to appellees.  Further, appellees alleged in the complaint that Piper is worth approximately $5,000.

{¶ 3}  Pursuant to R.C. 2737.03, appellees filed with their complaint affidavits in replevin.  In her affidavit, Covatch averred she bred Piper and registered her at birth.  Due to travel needs in December 2013, Covatch averred she made arrangements for Piper to stay with an acquaintance identified as Cheavaen with the understanding that Cheavaen would return Piper to Covatch in April 2014.  However, on April 17, 2014, the Franklin County Animal Shelter ("the shelter") took possession of Piper after Piper got loose from Cheavaen's fenced-in yard.  Covatch further averred she did not learn of Piper's placement in the shelter until April 22, 2014.  According to her affidavit, immediately upon learning of Piper's placement in the shelter, Covatch contacted the shelter which informed her it had given Piper to COSR, operated by Sanderbeck.  That same day, Covatch averred she contacted Sanderbeck both by phone and email to make demand for Piper's return.  Despite providing ownership documentation and verifying Piper's microchip identification, Covatch averred Sanderbeck refused to return Piper to her.

{¶ 4}  Contemporaneous with their complaint, appellees also filed a motion for an order of immediate possession.  The trial court granted the motion and ordered appellants to return Piper to appellees.  In lieu of returning Piper, however, appellants posted a counter-replevin bond of $10,000.  In their answer filed September 2, 2014, appellants admitted they had not returned Piper but denied that appellees were the rightful owners of Piper.

{¶ 5}  On October 14, 2014, appellants filed a motion for partial judgment on the pleadings seeking to dismiss the fraud claims and the claims against Sanderbeck in her individual capacity.  The trial court denied the motion for partial judgment on the pleadings in a November 18, 2014 entry.

{¶ 6}  After obtaining leave from the trial court, appellees filed an amended complaint asserting additional claims of state law violations, due process violation, fraud, unjust enrichment, and conspiracy.  Appellees also named additional defendants, including Franklin County, Franklin County Commissioner Marilyn Brown, Franklin County Commissioner Paula Brooks, Franklin County Commissioner John O'Grady, Franklin County Dog Shelter, and Deborah L. Finelli in her individual capacity and/or in

her capacity as Director of the Franklin County Department of Animal Care and Control (collectively "county defendants"). In their amended complaint, appellees sought injunctive relief and replevin, $15,000 in compensatory and/or punitive damages, and reasonable attorney fees.

{¶ 7} On March 12, 2015, appellants filed a motion for a protective order, alleging appellees were responsible for a "campaign of harassment and bullying," including an alleged burglary of Sanderbeck's home, harassing telephone calls, and threatening posts on social media. (Motion for Protective Order, 2.) Appellees responded in an April 2, 2015 memorandum contra denying they participated in the activity appellants alleged in their motion.

{¶ 8} On March 17, 2015, the newly added county defendants filed a motion to dismiss based on statutory immunity.

{¶ 9} On June 18, 2015, appellants filed counterclaims against appellees, asserting causes of action of contract interference, advantageous relationship interference, defamation, injunctive relief, burglary, theft, and criminal damaging, and false light invasion of privacy, seeking money damages and other appropriate relief. In response, appellees filed a motion to strike appellants' counterclaims.

{¶ 10} At a July 23, 2015 hearing on the replevin action, the trial court indicated it was the trial court's intent to dismiss the county defendants and to grant appellees' motion to strike the counterclaims. At the conclusion of the replevin hearing, the trial court issued an order of possession requiring appellants to return Piper to appellees that same day. In the final order of possession, the trial court noted it would "file a separate entry journalizing the Court's disposition of" the other matters it discussed at the beginning of the replevin hearing. (July 23, 2015 Final Order of Possession.)

{¶ 11} Appellees filed a timely notice of appeal from the trial court's July 23, 2015 final order of possession. Additionally, appellants sought a stay of the trial court's final order of possession, which this court denied in an entry filed August 5, 2015. In a July 24, 2015 entry, the trial court continued the matter for a trial on the remaining claims, scheduling the trial for August 27, 2015.[1]

---

[1] It appears from the trial court's online docket that the trial court, in an entry dated August 21, 2015, granted appellants' motion to stay further proceedings pending this appeal.

## II. Assignments of Error

{¶ 12} Appellants assign the following errors for our review:

[1.] The trial court erred to the substantial prejudice of the animal rescue appellants and abused its discretion when it refused to allow them to present their evidence and witnesses at the July 23, 2015, hearing on the order of possession.

[2.] The trial court erred to the substantial prejudice of the animal rescue appellants and abused its discretion when it granted an order of possession to the plaintiffs-appellees, the breeder and an alleged 'co-owner' contracted to breed and show the dog, for a dog that had been unconditionally turned over to the animal rescue appellants in the ordinary course of the shelter's operations and in compliance with the Ohio Revised Code, after being impounded as an unlicensed stray, and unclaimed in the county animal shelter for longer than the prescribed holding time.

[3.] The trial court erred to the substantial prejudice of the animal rescue appellants and abused its discretion when it denied the appellants motion for discovery sanctions and in limine despite the plaintiffs-appellants knowing failure and willful refusal to respond to proper discovery requests.

[4.] The trial court erred to the substantial prejudice of the animal rescue appellants and abused its discretion when it overruled their timely objection to the plaintiffs-appellees' submission of hearsay and evidence not disclosed in discovery despite proper requests.

[5.] The trial court erred to the substantial prejudice and abused its discretion when it granted the plaintiff-appellees' motion to strike the counterclaims filed by defendant-appellant Central Ohio Sheltie Rescue, Inc., and denied the motion for leave to file and serve the counterclaims, some of which had accrued well after the original pleadings were filed.

## III. Final Appealable Order

{¶ 13} On August 20, 2015, appellees moved to dismiss the appeal, contending the trial court's decision is not final and appealable. Because this court's jurisdiction turns on whether appellants appealed from a final appealable order, we first address appellees' motion.

{¶ 14} Under the Ohio Constitution, Article IV, Section 3(B)(2), this court's jurisdiction on appeal is limited to a review of final orders of lower courts. Final orders are those that "dispos[e] of the whole case or some separate and distinct branch thereof." *Lantsberry v. Tilley Lamp Co., Ltd.*, 27 Ohio St.2d 303, 306 (1971). A trial court order is final and appealable only if it satisfies the requirements in R.C. 2505.02, and, if applicable, Civ.R. 54(B).

{¶ 15} This is a multi-party, multi-claim case. There is no dispute that the trial court's order contains the Civ.R. 54(B) language that there is no just reason for delay. However, the inclusion of the Civ.R. 54(B) language "does not turn an otherwise non-final order into a final appealable order." *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). Thus, we must still determine whether the trial court's order is a final order as defined in R.C. 2505.02(B). The only division with arguable application would be R.C. 2505.02(B)(4).

{¶ 16} An order is final and appealable under R.C. 2505.02(B)(4) if it "grants or denies a provisional remedy," provided the order meets two conditions. Initially, the order subject of appeal must determine the action with respect to the provisional remedy and prevent a judgment in favor of the appealing party regarding the provisional remedy. R.C. 2505.02(B)(4)(a). Secondly, an appeal following judgment must not afford a meaningful and effective remedy to the appealing party. R.C. 2505.02(B)(4)(b).

{¶ 17} R.C. 2505.02(A)(3) defines a provisional remedy as "a proceeding ancillary to the action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence," or prima facie showings with respect to specified statutes. We need not decide whether an order of possession in a replevin action is a provisional remedy because even if it is, here an appeal following judgment on all remaining claims will afford a meaningful and effective remedy to appellants.

{¶ 18} Though Ohio law considers a dog to be personal property, we are mindful of the less tangible benefits of animal ownership, including companionship, that are difficult to quantify. In some situations, deprivation of an animal's companionship for a protracted period of time may lessen the effectiveness of an appeal following judgment. To the extent the actual, physical possession of the dog is the linchpin of whether an appeal following judgment on all claims would afford a meaningful and effective remedy,

we note, as appellees also noted in their motion to dismiss, that appellants did not seek declaratory judgment affirming they were the owners of Piper. Indeed, at oral argument, counsel for appellants stated appellants were not seeking "the physical return of this dog." (February 24, 2016 Oral Argument, 9:41:24.) Instead, appellees assert their interest in appealing the final order of possession lies in clarifying the ownership of a dog when it is transferred from a shelter to a rescue organization.

{¶ 19} Appellees have claims pending in the trial court, including conspiracy, unjust enrichment, fraud, due process violation, state law violation, conversion, and damages on the replevin claim. The day after appellants filed their notice of appeal, the trial court scheduled a trial date for appellees' remaining claims. Because appellants are not seeking physical possession of the dog, appellants cannot argue that an appeal at a later date would affect any interest they may have in the dog's companionship. Appellants will still be able to argue the merits regarding the moment ownership transferred in a later appeal. Thus, if we delay our review of the order of possession issued in the replevin action until after appellees' action is fully adjudicated, appellants retain the right to a future appeal. *Burt v. Harris*, 10th Dist. No. 03AP-194, 2004-Ohio-756, ¶ 12.

{¶ 20} In sum, even though the trial court included the Civ.R. 54(B) language in its final order of possession, the order is not a final appealable order under R.C. 2505.02.

**IV. Disposition**

{¶ 21} Based on the foregoing reasons, appellants do not appeal from a final appealable order of the trial court, and this court lacks jurisdiction to consider appellants' assignments of error. Accordingly, we grant appellees' motion and dismiss the appeal for lack of jurisdiction.

*Motion to dismiss granted;*
*appeal dismissed.*

BROWN and SADLER, JJ., concur.