[Cite as *Hoelscher v. ICS 1 Ltd.*, 2019-Ohio-3304.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| ADAM HOELSCHER, et al., | JUDGES:<br>Hon. William B. Hoffman, P.J |
| Plaintiffs-Appellees/<br>Cross-Appellants | Hon. Craig R. Baldwin, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 18CA77 |
| ICS 1 LTD., | |
| Defendant-Appellant/<br>Cross-Appellee | O P I N IO N |


CHARACTER OF PROCEEDINGS:     Appeal from the Richland County Court of
Common Pleas, Case No. 2017-CV-0358


JUDGMENT:                              Affirmed

DATE OF JUDGMENT ENTRY:      August 14, 2019


APPEARANCES:


For Plaintiffs-Appellees/Cross-Appellants     For Defendant-Appellant/Cross-Appellee

NICHOLAS D. ATTERHOLT                    BRIAN M. GARVINE
Weldon, Huston & Keyser, LLP             Law Office of Brian M. Garvine, LLC
76 North Mulberry Street                 5 East Long Street, Suite 1100
Mansfield, Ohio  44902                   Columbus, Ohio  43215

*Hoffman, P.J.*

{¶1} Appellant ICS 1 Ltd. appeals the judgment entered by the Richland County Common Pleas Court awarding Appellees Adam Hoelscher and Hoelscher Trucking compensatory damages in the amount of $12,025 and punitive damages in the amount of $10,000.

## STATEMENT OF THE FACTS AND CASE

{¶2} Adam Hoelscher (hereinafter "Appellee"), doing business as a sole proprietorship in the name of Hoelscher Trucking, owned a white 1999 Kenworth T800 truck which he purchased in September, 2015, for $10,970.00. His trucking business was located in Richland County, and conducted its business in Richland County.

{¶3} Appellant is a trucking company located in Columbus, Ohio. Kenneth Cornett is the managing partner of Appellant. Appellee was an independent contractor of Appellant. The parties executed a Motor Carrier Contractor/Owner Operator Agreement, pursuant to which Appellant leased Appellee's truck cab and driver to deliver loads to dispatched locations.

{¶4} On September 29, 2016, Appellee's truck broke down in Pennsylvania when the driveshaft snapped. Prior to this incident, Appellant had performed maintenance work on the truck at a cost of $1,375.87. Appellee paid $404.87, and Appellant released the truck to Appellee based on Appellee's agreement to pay the balance.

{¶5} The day the truck broke down, Cornett sent a text message to Appellee indicating the cost of the truck repairs would exceed $2,000. Appellee replied he could not afford the repairs, and would rent another truck to retrieve the broken truck from Pennsylvania. When Appellee arrived in Pennsylvania, the truck was gone. Appellee discovered Appellant had had the truck towed to its shop in Columbus. On October 17,

2016, Appellee texted Cornett, stating he could not afford to repair the truck and would have to sell it "as is."

{¶6} Appellee attempted to retrieve the truck at Appellant's place of business in March of 2017. Appellee and his driver, Thomas Wallace, went to Appellant's place of business with a police officer. While the police officer was in another room, Cornett instructed an employee to get Appellee and Wallace out. When Wallace told the employee not to touch him, the employee put his hand on his hip where his gun was holstered and asked Wallace if he wanted to leave with a permanent limp. The officer came into the room and instructed Wallace and Appellee to walk out the door. As they tried to pass Cornett, a scuffle erupted and the officer had to call for backup.

{¶7} Appellee filed the instant action on May 10, 2017, seeking damages and injunctive relief for replevin, conversion, trespass to chattels, breach of contract, lost wages, and violation of the Consumer Sales Practices Act. On May 12, 2017, Appellee filed a motion for possession of the truck pursuant to R.C. 2737.03. Appellant filed a motion to dismiss Appellee's May 12 motion for possession, arguing lack of jurisdiction based on improper venue. The trial court overruled the motion to dismiss, treating it as a motion to change venue.

{¶8} Following hearing on the motion for possession, the magistrate recommended Appellee be granted replevin of the truck upon posting of a bond in the amount of $1,000. No objections were filed, and the trial court adopted the decision of the magistrate. After Appellee posted the bond, Appellant posted bond pursuant to R.C. 2737.11, thereby retaining possession of the truck until the final trial date.

**{¶9}** The trial court granted partial summary judgment to Appellee on the conversion claim. The case proceeded to bench trial. Following bench trial, the trial court awarded damages to Appellee based on the following calculation:

**{¶10}** Conversion of 1999 Kenworth - $10,000

**{¶11}** Unpaid freight delivery profits - $1,275

**{¶12}** Two weeks loss of use before decision to sell - $850

**{¶13}** Punitive damages - $10,000

**{¶14}** Less unpaid repairs to Appellant - $970

**{¶15}** Total net judgment to Appellee - $21,055

**{¶16}** It is from the August 16, 2018 judgment of the trial court Appellant prosecutes this appeal, assigning as error:

I. WHETHER VENUE WAS PROPER AND WHETHER THE TRIAL COURT HAD PERSONAL JURISDICTION OVER DEFENDANT-APPELLANT.

II. WHETHER TRIAL COURT ERRED REGARDING ITS DETERMINATION OF DAMAGES FOR PLAINTIFF-APPELLEE'S CONVERSION CLAIM.

III. WHETHER THE TRIAL COURT ERRED IN AWARDING PUNITIVE DAMAGES TO PLAINTIFF-APPELLEE.

**{¶17}** Appellee has filed a cross-appeal, assigning as error:

THE TRIAL COURT'S DETERMINATION OF DAMAGES THAT DEFENDANT-APPELLANT DID NOT OWE LOST EARNINGS DAMAGES TO PLAINTIFF-APPELLEE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

I.

{¶18} In its first assignment of error, Appellant argues the trial court erred in overruling its motion to dismiss based on improper venue and lack of jurisdiction.

{¶19} Appellee filed the instant action on May 10, 2017. On May 12, 2017, Appellee filed for an order of possession pursuant to R.C. 2737.03. On May 26, 2017, Appellant filed a "motion to dismiss plaintiffs' motion for order of possession." In its motion to dismiss, Appellant argued the motion for an order of possession should be dismissed based on lack of venue and jurisdiction because both Appellant's business and Appellee's truck were located in Franklin County.

{¶20} The trial court overruled the motion, treating it as a motion to change venue. The trial court found venue was proper in Richland County because Appellee had title of the vehicle in Richland County and signed the agreement prepared between the parties in Richland County.

{¶21} Although the trial court addressed the motion as one to change venue, Appellant never requested a change of venue. Both in the trial court and on appeal, Appellant asserted the court did not have jurisdiction because venue was improper, and requested the action be dismissed on this basis.

{¶22} Appellant has confused venue and jurisdiction. "Venue should not be confused with jurisdiction as they are distinct legal concepts." *In re W.W.*, 190 Ohio App.3d 653, 2010–Ohio–5305, ¶ 25 (11th Dist. Lake), citing *Craig v. Consolidated Rail Corp.*, 9th Dist. Summit No. 13332, 1988 WL 37626, *2 (April 6, 1988). "Venue is a procedural matter concerned with choosing a convenient forum and raises *no* jurisdictional implications." (Emphasis added.) *Id. See* 1970 Staff Notes, Civ.R. 3 ("venue is not jurisdictional"). More specifically, "[i]mproper venue does not deprive a court of its jurisdiction to hear an action." *Cheap Escape Co., Inc. v. Haddox, L.L.C.*, 10th Dist. Franklin No. 06AP–1107, 2007–Ohio–4410, ¶ 11, citing *State ex rel. Florence v. Zitter*, 106 Ohio St.3d 87, 2005–Ohio–3804, ¶ 23. "Rather, the question of venue is one of convenience and asks in which court, among all of those with jurisdiction, to best bring a claim." *Id.* at ¶ 11, citing *State v. Kremer*, 3d Dist. Van Wert No. 15–05–05, 2006–Ohio–736, ¶ 6.

{¶23} We find Appellant's motion to dismiss based on improper venue confuses venue with jurisdiction, and is not well-taken. On this basis alone, the trial court did not err in overruling the motion to dismiss for lack of jurisdiction.

{¶24} The trial court treated the motion as one to change venue, although Appellant's motion did not ask for a change of venue.[1]

{¶25} The decision to grant or deny a motion to change venue is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Sheet Metal Workers Local 98, Pension Fund v. Whitehurst*, 5th Dist. Knox

---

[1] Appellee asserted in the trial court dismissal was not appropriate for improper venue, and if the trial court found venue improper, a transfer to Franklin County would be the correct solution. Reply Opposition to Defendant's Motion to Dismiss, 6/19/17.

No. 03 CA 29, 2004–Ohio–191, ¶ 23.  An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶26}  Civ. R. 3(C) provides in pertinent part:

Any action may be venued, commenced, and decided in any court in any county. When applied to county and municipal courts, "county," as used in this rule, shall be construed, where appropriate, as the territorial limits of those courts. Proper venue lies in any one or more of the following counties:

(3) A county in which the defendant conducted activity that gave rise to the claim for relief;

(6) The county in which all or part of the claim for relief arose; or, if the claim for relief arose upon a river, other watercourse, or a road, that is the boundary of the state, or of two or more counties, in any county bordering on the river, watercourse, or road, and opposite to the place where the claim for relief arose[.]

{¶27}  The trial court found venue proper in Richland County because the truck was titled in Richland County and Appellee signed the contract between the parties in Richland County.  In addition to the replevin and conversion claims related to the truck, the complaint included claims of breach of contract and lost wages.  The contract was signed by Appellee in Richland County.  The truck which gave rise to the claim for lost wages was not only titled in Richland County, but Appellee's business which gave rise to

the claim for lost wages was conducted out of Richland County.   We find the trial court did not abuse its discretion in failing to transfer venue pursuant to Appellant's motion to dismiss.

{¶28} Finally, we note Appellant did not move to dismiss the *complaint* on the basis venue was improper, but only moved to dismiss the motion for an order of possession.[2] Appellee filed its motion for possession pursuant to R.C. 2737.03, which permits a plaintiff, in an action for recovery of specific property, to file a motion to recover possession of the property at issue. *Am. Rents v. Crawley,* 77 Ohio App.3d 801, 803, 603 N.E.2d 1079, 1080 (10th Dist. Franklin 1991).   This preliminary proceeding is commenced only if the plaintiff would like possession of the personal property at issue during the pendency of a replevin action*. First Fed. S. & L. Assn. of Warren v. A & M Towing & Rd. Serv., Inc.,* 127 Ohio App.3d 46, 50, 711 N.E.2d 755, 757 (11th Dist. Trumbull 1998).

{¶29} Appellee was successful in obtaining an order of possession, but Appellant ultimately retained possession of the truck during the pendency of the action by posting bond pursuant to R.C. 2737.11.   Any issues related to venue of the prejudgment motion for an order of possession have been rendered moot by the final judgment of the trial court on the underlying complaint awarding damages to Appellee for conversion of the truck.

{¶30} The first assignment of error is overruled.

---

[2] Appellant raised improper venue as an affirmative defense in its answer to Appellee's complaint, filed July 24, 2017.  Civ.R. 12(G) and 12(H)(1) provide the defense of improper venue is waived if a pre-answer motion is filed, and the defense of improper venue is not asserted in the motion. *Wilson v. Brown*, 7th Dist. Belmont No. 01–BA–35, 2002–Ohio–2410, ¶ 14*, citing Nicholas v. Landis*, 27 Ohio App.3d 107, 499 N.E.2d 1260 (10th Dist. 1985) ("[W]hen a defendant fails to assert an objection to venue at the earliest possible moment, he waives such objection").  Appellant therefore waived its claim of improper venue as to the complaint by not raising the issue in its motion to dismiss.

II.

**{¶31}** In its second assignment of error, Appellant argues the trial court erred in valuing the truck at $10,000 for conversion damages. Appellant argues the trial court properly acknowledged October 17, 2016, as the date when the value of the truck should be determined, but argues the figure of $10,000, which the parties agreed upon at the replevin hearing for purposes of bond, was the incorrect valuation. Appellant argues the truck was not operable on October 17, 2016, and therefore worth less than $10,000.

**{¶32}** Our standard of review is manifest weight of the evidence. Accordingly, a judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed on appeal. *C.E. Morris v. Foley Construction*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978).

**{¶33}** Appellant argues the parties agreed to a valuation of $10,000 at the replevin hearing only for the purposes of bond. However, Appellant has not provided this Court with a transcript of the replevin hearing, and thus the record does not establish the purpose for which the parties agreed on this valuation. The trial court found, "At the replevin hearing on July 6, 2017, its [1999 Kenworth truck] current value was established at $10,000 based on the plaintiff owner's testimony." Findings of Fact, August 16, 2018.

**{¶34}** The title to the truck, admitted into evidence as Plaintiff's Exhibit A, shows Appellee titled the truck on September 23, 2015, with a purchase price of $10, 970. Appellee testified at trial he put $8000-$9000 of repairs into the truck. He further testified:

Q. Okay. And then under that it says "value of converted truck. " Why are you valuing that truck at $10,000?

A. To be honest, that's a low end, but…

Q. Is that what the court previously decided?

A. Yes.

Q. At the replevin hearing?

A. Yes. That's correct.

Q. So the value was already determined by the court?

A. Yes, that's correct.

**{¶35}** Tr. 38.

**{¶36}** We find the trial court's finding the truck was worth $10,000 on the date of the conversion is not against the manifest weight of the evidence. The value had previously been determined for purposes of the hearing on Appellee's motion for an order of possession. Further, from Appellee's testimony regarding the purchase price and the repairs he put into the truck, as well as the text message evidence in which Appellant estimated the cost to repair the driveshaft to be around $2,000, the trial court could have concluded the $10,000 value placed on the truck at the replevin hearing was reasonable.

**{¶37}** The second assignment of error is overruled.

III.

**{¶38}** In its third assignment of error, Appellant argues the award of punitive damages is against the manifest weight of the evidence, as the testimony concerning the incident in which the court found actual malice is "ambiguous at best." Brief of Appellant, p.7.

**{¶39}** A judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed on appeal as against the manifest weight of the evidence. *C.E. Morris v. Foley Construction*, *supra*.

**{¶40}** A trial court may award punitive damages when a conversion is willful, wanton, fraudulent, malicious, or prompted by ill motive. *Congress Lake Club v. Witte*, 5th Dist. Stark No. 2007CA00191, 2008-Ohio-6799, ¶ 82. The trial court found as follows regarding punitive damages:

> The court is not persuaded that the defendant acted with actual malice at the time of the original towing of the truck. Defendant had to send a truck to Pennsylvania to complete the delivery plaintiff failed to do. He knew plaintiff owed him money on past truck repairs and wrongly believed he could hold the truck until he was paid. Mr. Cornett was motivated at the time by business decisions and not by hatred or revenge.

> But the conversion continued while defendant held the truck. When Mr. Hoelscher and Mr. Wallace came to the defendant's business with a police officer to try to get possession of the truck worked out, things changed. While the police officer spoke to Mr. Cornett's attorney by phone in another room at Mr. Cornett's request, Mr. Cornett turned on Hoelscher and Wallace. Mr. Cornett told an employee to throw them out of the business. When Mr. Webb told the employee not to touch them, the employee showed them he had a gun and said he would use it. The police officer heard the commotion and came back into the office. The office

instructed Hoelscher and Webb to walk to the door. But as they tried to walk by Cornett, he erupted in hatred. The police officer had to call backup officers.

Mr. Cornett's conduct in the presence of a police officer does demonstrate malice. The entire incident was videotaped by Mr. Webb. Within two months this case was filed, and the matter has been peacefully resolved since then. An award of $10,000 punitive damages is appropriate of the malice of defendant's managing partner displayed March 17, 2017.

**{¶41}** Judgment Entry, August 16, 2018, p. 6.

**{¶42}** Thomas Wallace testified he went with Appellee to Appellant's place of business to retrieve the truck in March of 2017. He identified Cornett, who was seated at counsel table at trial, as the person who refused to release the truck. Wallace testified while the police officer who had accompanied them was in another room talking to Cornett's lawyer, Cornett told one of his associates in the office, "Get 'em out of here." Tr. 10. Wallace testified the man Cornett instructed to remove them from the premises approached Wallace in a threatening manner. Wallace told the man they weren't leaving until they got the truck. Cornett kept saying, "You ain't getting your f'in' truck." Tr. 11. When Wallace told the man not to touch him, the man put his right hand on his hip where his gun was holstered and asked Wallace if he wanted to leave with a permanent limp. Wallace testified he felt threatened by the gun, and there was ill will in the interaction. After the officer returned, he asked Wallace and Appellee to stand by the exit door. As they passed Cornett, Cornett made a remark to Wallace, Wallace responded, and the

officer had to separate the two men.  The officer had to call for backup.  Although the video was not admitted into evidence, Wallace testified he recorded the entire episode on his cell phone.

{¶43}  Appellee testified he went to Columbus two to three times hoping to get his truck.  Once he went down to talk to the prosecutor to see if they could do anything.  He testified he saw the man in the office with Cornett put his hand on a gun when he went with Wallace to retrieve the truck, and he felt threatened.

{¶44}  Based on the testimony, we find there was competent, credible evidence to support the trial court's finding of actual malice and award of punitive damages, and the judgment is not against the manifest weight of the evidence.

{¶45}  The third assignment of error is overruled.

Cross-Appeal I.

{¶46}  In his assignment of error on cross-appeal, Appellee argues the court's finding Appellee was going to sell the truck in October of 2016, and its judgment halting damages for lost income as of the date of the text message indicating he planned to sell the truck, is against the manifest weight of the evidence.

{¶47}  A judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as against the manifest weight of the evidence.  *C.E. Morris Co. v. Foley Construction Co., supra.* The underlying rationale of giving deference to the findings of the trial court rests with the knowledge the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of

the proffered testimony.  *Seasons Coal Co. v. City of Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273, 1276 (1984).

**{¶48}** The trial court found in its findings of fact:

> Moreover, plaintiff had already decided by October 17, 2016 that his trucking business with the 1999 Kenworth was not profitable and that he would sell his trucks.  On that day, he texted Mr. Cornett, "Hey Ken, I've been thinking about it and I can't afford to have any repairs done.  Don't have them inspect it this morning, I will have to sell it as is."  That makes clear that plaintiff had no intention of continuing to operate the truck in a business, but rather intended to sell it.  Consequently, plaintiff will be fully compensated for the conversion if defendant pays him the value of the truck at the date Mr. Hoelscher decided to sell it – October 17, 2016.

**{¶49}** Judgment Entry, August 16, 2018, p. 4.

**{¶50}** In its conclusions of law, the trial court held:

> Although the plaintiff argued that in some extraordinary cases, a tortfeasor may be made to pay profits lost by conversion of the plaintiff's property, this is not such a case.  Because of the expenses of keeping up his truck and the relatively small profit, plaintiff intended to sell his truck.  Neither did he prove any lost profits, except for the two weeks between the conversion and the decision to sell.

**{¶51}** *Id.*, p. 5.

**{¶52}** Appellee testified at trial despite the October 17, 2016 text in which he indicated he planned to sell the truck, he actually never planned to sell the truck. He testified he attempted to act like he was selling the truck in order to get someone to go to Appellant's place of business, pretend they were looking at the truck, take it out for a test drive, and return the truck to Appellee. Tr. 44.

**{¶53}** However, the trial court is in a better position than this court to judge the credibility of Appellee's testimony concerning his plans to sell the truck, and the trial court believed he planned to sell the truck. As noted by the trial court, the expense of keeping up the truck was mounting, and there was evidence presented by way of his other text messages to Cornett the truck only earned about $300 a week after Appellant took its cut. Appellee was no longer in the trucking business as of the time of trial. Further, as noted by the trial court, Appellee only presented evidence of lost profits for the two weeks between the conversion and the decision to sell. Appellee admitted he did not present supporting business records for his worksheet in which he calculated lost profits. Tr. 69-70. We find the judgment of the court limiting Appellee to $850 in loss of use of the truck during the two weeks prior to Appellee's decision to sell the truck is not against the manifest weight of the evidence.

{¶54} The assignment of error on cross-appeal is overruled.

{¶55} The judgment of the Richland County Common Pleas Court is affirmed.


By: Hoffman, P.J.

Baldwin, J.  and

Wise, Earle, J. concur