[Cite as *Ally Bank v. Bey*, 2020-Ohio-5093.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Ally Bank, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 19AP-867 |
| v. | : | (C.P.C. No. 19CV-8898) |
| Wayne Brown Bey, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on October 29, 2020

**On brief:** *Weltman, Weinberg & Reis, Co. L.P.A.*, and *Allen J. Reis*, for appellee. **Argued:** *Allen J. Reis.*

**On brief:** *Wayne Brown Bey*, pro se. **Argued:** *Wayne Brown Bey.*

APPEAL from the Franklin County Court of Common Pleas

PER CURIAM.

{¶ 1} Defendant-appellant Wayne Brown Bey, aka Wayne Lee Brown Bey, appeals from an order of possession of the Franklin County Court of Common Pleas ordering seizure of a vehicle upon the posting of bond by plaintiff-appellee Ally Bank. Because we find that the order of possession is not final and appealable, we dismiss Mr. Brown Bey's appeal for lack of jurisdiction.

{¶ 2} On November 5, 2019, Ally Bank filed a complaint for money judgment and possession of property against Mr. Brown Bey. The complaint recited that Mr. Brown Bey had executed a retail installment sales contract secured by a vehicle but had failed upon demand to "liquidate the balance due and owning." (Complaint at 1.) In Count 1 of the complaint, Ally Bank asked for judgment against Mr. Brown Bey in the principal amount of

the balance due plus finance charges, late charges, and costs of the action; in Count 2, Ally Bank asked the court for an order determining that Ally Bank has the right to possession of the collateral (the vehicle). Ally Bank simultaneously moved for possession of the vehicle under Chapter 2737 of the Ohio Revised Code due to Mr. Brown Bey's alleged default on the terms of the retail sales contract. The motion was supported by an affidavit of Tania Taylor, a "replevin specialist" for Ally Financial Inc. who averred that Mr. Brown Bey had purchased the vehicle through the retail installment contract but then failed to make payments under the terms of the contract. (Taylor Aff. at 1.)

{¶ 3}    A magistrate of the Franklin County Court of Common Pleas held a hearing on the matter with both parties in attendance and found that Ally Bank was entitled to an order of possession of the vehicle under R.C. 2737.07(B). Mr. Brown Bey did not file objections to the magistrate's decision. The trial court agreed with the magistrate, finding that, based on the affidavit, "there is probable cause to support the [m]otion." (Dec. 13, 2019 Order of Possession at 1.) The trial court then issued an order of possession for the sheriff to seize the vehicle upon Ally Bank's posting of bond in an amount of $26,700 (found to be twice the value of the car).  The order notes that Mr. Brown Bey may recover possession of the vehicle by posting his own bond with the court.  The record shows that Ally Bank posted bond, and a writ of replevin was issued on December 27, 2019.

{¶ 4}    Mr. Brown Bey asks this court to review the merits of the trial court's order of possession.  As explained further below, we cannot do so because the order of possession, issued under R.C. 2737.07(B), is not a final, appealable order.

{¶ 5}    "Under the Ohio Constitution, Article IV, Section 3(B)(2), this court's jurisdiction on appeal is limited to a review of final orders of lower courts." *Covatch v. Cent. Ohio Sheltie Rescue, Inc.*, 10th Dist. No. 15AP-699, 2016-Ohio-1241, ¶ 14. "If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter and the matter must be dismissed." *Globe Automotive Ctr. v. Harris*, 11th Dist. No. 2009-P-0026, 2009-Ohio-3407, ¶ 4, citing *Gen. Acc. Ins. Co. v. Ins. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02, and, "if applicable, Civ.R. 54(B)." *Covatch* at ¶ 14.

{¶ 6}    As stated in *Covatch* at ¶ 15, "[t]he only division [of R.C. 2505.02] with arguable application [to orders of possession under Revised Code Chapter 2737] would be

R.C. 2505.02(B)(4)." An order is final and appealable under R.C. 2505.02(B)(4) if it "grants or denies a provisional remedy" and both of the following conditions apply: (1) "[t]he order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy"; and (2) "the appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." R.C. 2505.02(B)(4).

{¶ 7} Under the statutory scheme for an action in replevin, any party to an action involving a claim for the recovery of specific personal property may move the court, by written motion and affidavit, for an order of possession of the property. R.C. 2737.03. *See Hoelscher v. ICS 1 Ltd.*, 5th Dist. No. 18CA77, 2019-Ohio-3304, ¶ 28 ("This preliminary proceeding is commenced only if the plaintiff would like possession of the personal property at issue during the pendency of a replevin action"), citing *First Fed. Savings & Loan Assn. of Warren v. A & M Towing & Rd. Serv., Inc.*, 127 Ohio App.3d 46, 50 (11th Dist.1998).

{¶ 8} Faced with a motion for an order of possession, the trial court "shall issue an order of possession if it finds, on the basis of the affidavit and, if applicable, the evidence presented at the hearing, that there is probable cause to support the motion" considering the likelihood the movant will obtain a final judgment entitling him or her to permanent possession of the property. R.C. 2737.07(B). *See* R.C. 2737.01(C)(" 'Probable cause to support the motion' means that it is likely that the movant will obtain judgment against the respondent that entitles the movant to permanent possession of the specific personal property that is the subject of a motion filed pursuant to section 2737.03 of the Revised Code").

{¶ 9} If the trial court issues an order of possession under R.C. 2737.07(B), the respondent still has a statutory means to prevent transfer of the property by filing a bond or cash deposit. R.C. 2737.11. Ultimately, the trial court will award "permanent possession of the property" to one party or the other in a "final judgment" pursuant to R.C. 2737.14. A final judgment under R.C. 2737.14 includes, in addition to a decision on possession, "any damages to the party obtaining the award to the extent the damages proximately resulted from the taking, withholding, or detention of the property by the other, and the costs of the

action." R.C. 2737.14. The statute also sets forth a procedure for a court to return the property to the respondent and award damages caused to the respondent by deprivation of the property where the movant obtained an order of possession of property but failed to prosecute the action. R.C. 2737.15. *See Covatch* at ¶ 4, 10 (demonstrating progression of action from an order of immediate possession to the final order of possession).

{¶ 10} The order of possession appealed in this case was issued under R.C. 2737.07(B) based upon a finding of probable cause that Ally Bank will obtain a final judgment entitling it to permanent possession of the vehicle. The order does not resolve which party is entitled to permanent possession of the vehicle or assess any damages that may be accorded to the party who will receive permanent possession. Therefore, even assuming that this order constitutes a "provisional remedy," *see Covatch* at ¶ 17, we find that it is not appealable: the trial court's December 13, 2019 order issued under R.C. 2737.07(B) does not finally determine the action even with regard to the provisional remedy (as to which Ally Bank has posted a bond), and it does not prevent a meaningful judgment in favor of Mr. Brown Bey as to all issues in the case. *See, e.g., Bass-Fineberg Leasing, Inc. v. Modern Auto Sales, Inc.*, 9th Dist. No. 13CA0098-M, 2015-Ohio-46, ¶ 12-13, fn. 1, 2, ¶ 44-51 (noting dismissal of previous appeal of trial court's grant of temporary possession for lack of a final, appealable order and addressing issues related to trial court's grant of temporary possession under R.C. 2737.07(B) in a later appeal of trial court's final judgment of permanent possession); *Globe Automotive Ctr.* at ¶ 7 (finding a trial court's order of possession was not a final, appealable order since no determination on damages was made pursuant to R.C. 2737.14).

{¶ 11} We dismiss the appeal for want of jurisdiction. *Globe Automotive Ctr.* at ¶ 4; *Covatch* at ¶ 21.

*Appeal dismissed.*

LUPER SCHUSTER, BEATTY BLUNT, and NELSON, JJ., concur.

———————————